# IN THE COURT OF APPEALS OF IOWA

No. 19-1626
Filed October 21, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JASON DANIEL BURT,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.

A defendant appeals his convictions for possession of marijuana with intent to deliver, second offense, and a tax-stamp violation. **AFFIRMED.**

Karmen Anderson, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson and Genevieve Reinkoester, Assistant Attorneys General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**TABOR, Judge.**

Jason Burt appeals his convictions for possession of marijuana with intent to deliver, second offense, and failure to affix a drug-tax stamp. After a traffic stop, Waterloo police searched Burt's car and discovered marijuana. Burt moved to suppress that evidence, alleging the officer lacked probable cause to stop his car. Deciding the officer had sufficient grounds to believe that Burt's malfunctioning taillight violated Iowa Code sections 321.387 and 321.422 (2018), the district court denied the motion. Burt challenges the suppression ruling on appeal. After reviewing the officer's testimony and the video recordings of the encounter, we agree the officer had probable cause for the stop.[1] Thus we uphold the denial of the suppression motion and affirm Burt's convictions.

Officer Kyle Jurgensen was working an evening shift when he pulled in behind a Chevy Tahoe. The officer noticed the right taillight was cracked, "showing a white light to the rear of the vehicle." The officer stopped the Tahoe and approached the driver's window. He asked the driver, Burt, if he had been in a "fender bender" that damaged the taillight. "No," Burt told the officer, he bought the Tahoe in that condition. The officer checked the casing over the taillight, verifying the crack.

During their exchange, the officer smelled the odor of fresh marijuana coming from inside the Tahoe. As the investigation unfolded, the officer directed

---

[1] We review de novo an alleged violation of constitutional rights. *State v. Brown*, 930 N.W.2d 840, 844 (Iowa 2019). We examine the whole record and reach an independent evaluation based on the totality of circumstances. *Id.* We defer to the district court's fact findings, especially on witness credibility. *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011).

Burt to step out of the vehicle. After Burt refused, the officer arrested him for interfering with official acts. During a pat down for weapons, the officer found a knife in Burt's pants pocket and $3,821 in cash stuffed in his sock.[2] The officer also discovered "dabs"—otherwise known as butane hash oil, an extract of marijuana—in the Tahoe. A wider search of the vehicle unearthed two large mason jars and several small containers of marijuana.

The State charged Burt with possession of a controlled substance with intent to deliver as a second offender under Iowa Code section 124.401(1)(d) and a drug tax stamp violation under Iowa Code section 453B.12. Burt moved to suppress the evidence seized during the traffic stop, contending the stop violated the Fourth Amendment of the United States Constitution and article I, section 8 of the Iowa Constitution. He argued the officer did not have probable cause to initiate the stop because the dash-cam video showed the taillight was "in working order."[3]

The district court disagreed, finding "the vehicle's right rear taillight did emanate a white color, thus a color other than red" in violation of Iowa Code section 321.422. That provision prohibits drivers from displaying "any color of light other than red on the rear of any vehicle." Iowa Code § 321.422; *see United States v. Poole*, No. CR13-3003-MWB, 2013 WL 1694776, at *9 (N.D. Iowa Apr. 18, 2013) (finding probable cause under this statute when officer "observed white light being emitted from the broken rear taillight"). The court also found *State v. Hall*, No. 16-

---

[2] According to the minutes of testimony, the officer searched Burt's socks after noticing "a large bulge under his sock just beneath the top of his boot line."

[3] In an addendum to the motion, Burt also alleged the stop violated the Iowa Constitution because it was pretextual. He does not advance that argument on appeal.

0957, 2017 WL 3067371, at *3 (Iowa Ct. App. July 19, 2017) was "directly on point." In *Hall*, we upheld a traffic stop under Iowa Code section 321.387, which states "[a]ll lamps and lighting equipment originally manufactured on a motor vehicle shall be kept in working condition or shall be replaced with equivalent equipment." 2017 WL 3067371, at *2-3. Determining the officer had probable cause to believe Burt committed those traffic violations, the court denied the motion to suppress.

Burt now attacks that suppression ruling. He asserts the court improperly shifted the burden by requiring the defense "to prove that every light bulb in the vehicle was functioning properly." But we do not read the ruling as shifting the burden. The court decided the State presented sufficient proof of probable cause through the officer's testimony, as well as the dash-cam and body-cam videos offered as exhibits. And the court accepted Officer Jurgensen's testimony regarding his observations that "although there is a rear taillight lamp actually functioning within the right taillight of the defendant's vehicle, the taillight is significantly dimmer than that of the left. The taillight is clearly not functioning as the manufacture intended. One of the bulbs was either burned out or malfunctioning."

In our de novo review, we reach that same result. Both federal and state constitutional provisions protect people from unreasonable searches and seizures.[4] *See* U.S. Const. amend. IV; Iowa Const. art. I, § 8. Traffic stops are seizures and must be supported by probable cause or reasonable suspicion. *State*

---

[4] Because Burt does not advance a distinct analytical framework under the Iowa Constitution, we opt to apply the federal framework and consider his state and federal claims concurrently. *See State v. Fogg*, 936 N.W.2d 664, 667 (Iowa 2019).

*v. Salcedo*, 935 N.W.2d 572, 577 (Iowa 2019). But even minor traffic violations give an officer probable cause to stop a motorist. *Id.* So if the officer had probable cause, the stop was a reasonable seizure. *Id.*

That principle animates Burt's complaint. He argues that if any white light is apparent from the video it was "miniscule" and "did not impair the vehicle's function or safety." Those arguments bypass the language of the traffic code and instead suggest the violations were too minor to matter. But we do not measure probable cause by the degree of the infraction. After seeing white light seeping from the Tahoe's broken taillight, Officer Jurgensen had probable cause to stop Burt for violating Iowa Code sections 321.387 and 321.422. In our view, the video evidence corroborates the officer's testimony at the suppression hearing. Accordingly, the seizure complied with the state and federal constitutions. Under the totality of circumstances, the district court properly declined to suppress the marijuana.

**AFFIRMED.**